# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

Priority ____
Send ____
Enter ____
Closed ____
JS-5/JS-6 ____
Scan Only ____

cc order,docket,remand letter to Riverside Superior Court
No. RIC 1111153

**CASE NO.:  ED CV 11-01198 SJO (DTBx)      DATE: September 16, 2011**

**TITLE:      Airtex Products, L.P., et al. v. American Home Assurance Company, et al.**

========================================================================
**PRESENT:  THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE**

Victor Paul Cruz                          Not Present
Courtroom Clerk                           Court Reporter

**COUNSEL PRESENT FOR PLAINTIFFS:       COUNSEL PRESENT FOR DEFENDANT:**

Not Present                               Not Present

========================================================================
**PROCEEDINGS (IN CHAMBERS): ORDER REMANDING ACTION TO STATE COURT**

This matter comes before the Court on a Notice of Removal filed by Defendant American Home Assurance Company ("AIG" or "Defendant") on July 28, 2011.  The sole basis for subject matter jurisdiction stated in the Notice of Removal is diversity of the parties. For the following reasons, the Court finds that the Notice of Removal fails to establish diversity under 28 U.S.C. § 1332 as required to invoke this Court's removal jurisdiction under 28 U.S.C. § 1441(b). Accordingly, the Court REMANDS this action to state court.

I.    BACKGROUND

This case arises under the laws of California.  On June 30, 2011, Airtex Products, L.P., and Airtex Industries, L.L.C., (collectively, "Plaintiffs")  filed a Complaint in the Superior Court for the State of California in and for the County of Riverside alleging breach of contract for wrongful refusal to pay under an insurance contract. (*See generally* Compl.) Defendant removed the action to federal court on July 28, 2011. In its Notice of Removal, Defendant asserts that the requirements for diversity jurisdiction are satisfied because the action is between citizens of different states and the amount in controversy exceeds $75,000.

To support its claim that complete diversity exists, Defendant states that: (1) Plaintiff Airtex Products, L.P., is a limited partnership organized and existing under the laws of the State of Delaware with its principal place of business in the State of Illinois (Notice of Removal ¶ 4); (2) Plaintiff Airtex Industries, L.L.C., is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business in the State of Indiana (Notice of Removal ¶ 5); and (3) Defendant is a corporation formed and organized under the laws of the State of New York with its principal place of business in the State of New York (Notice of Removal at ¶ 6).

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

**CASE NO.:**  __ED CV 11-01198 SJO (DTBx)__        **DATE:**  __September 16, 2011__

II.     LEGAL STANDARD

It is a fundamental legal principle that federal courts are courts of limited jurisdiction. "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989) (citation omitted). Lack of subject matter jurisdiction may be raised by any party at any time, and it is never waived: "whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. R. Civ. P. 12(h)(3); *Hernandez v. McClanahan*, 996 F. Supp. 975, 977 (N. D. Cal. 1998).

Federal courts "jealously" guard their own jurisdiction and, where appropriate, will dismiss a case for lack of subject matter jurisdiction even if the issue is not raised by the parties. *See In re Mooney*, 841 F.2d 1003, 1006 (9th Cir. 1988), *overruled on other grounds*, *Partington v. Gedan*, 923 F.2d 686, 688 (9th Cir. 1991). For this reason, this court can raise the issue of subject matter jurisdiction *sua sponte*. *See American Vantage Cos., Inc. v. Table Mountain Rancheria*, 292 F.3d 1091 (9th Cir. 2002). The removing party bears the burden of establishing that the court has jurisdiction. *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002); *see also KVOS, Inc. v. Assoc. Press*, 299 U.S. 269, 278 (1936). The court strictly construes the removal statute against removal jurisdiction. *Boggs v. Lewis,* 863 F.2d 662, 663 (9th Cir. 1988). Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. *Libhart v. Santa Monica Dairy Co.,* 592 F.2d 1062, 1064 (9th Cir. 1979).

Subject matter jurisdiction based upon diversity of citizenship requires that no defendant has the same citizenship as any plaintiff. The policy behind the grant of jurisdiction based on diversity is to avoid any danger of prejudice to out-of-state residents in the state courts. *See* 15-102 Moore's Federal Practice - Civil § 102.03. In determining whether there is diversity between corporate parties, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). Thus, corporations are citizens of both the state where they are incorporated and the state where they have their principal place of business.

III.     DISCUSSION

Here, Defendant alleges the Court has jurisdiction over this action under § 1441(b), which allows removal of any action that could have originally been brought in federal district court. Defendant asserts that Plaintiffs could have filed their claim in federal court under federal diversity jurisdiction. Subject matter jurisdiction based upon diversity of citizenship requires that no defendant have the same citizenship as any plaintiff. 28 U.S.C. § 1332. Defendant's Notice of Removal fails to establish complete diversity because it does not state facts adequate to support its allegations of Plaintiffs' citizenship.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

**CASE NO.:   ED CV 11-01198 SJO (DTBx)        DATE:  September 16, 2011**

The Notice of Removal merely states that Plaintiff Airtex Products, L.P., is "a limited partnership organized and existing under the laws of the State of Delaware with its principal place of business in the State of Illinois," and Plaintiff Airtex Industries, L.L.C., is "a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business in the State of Indiana." (Notice of Removal ¶ 4, 5.) For diversity purposes, a limited liability company is a citizen of all states of which its members are citizens.  *Johnson v. Columbia Props. Anchorage, L.P.*, 437 F.3d 894, 899 (9th Cir. 2006). Likewise,  the a limited partnership is a citizen of all states of which its partners are citizens. *Id.*

Defendant has failed even to identify the members and partners of the respective Plaintiffs, much less to establish the citizenship of each individual member and partner. Without knowing the identity or citizenship of the members and partners of the Plaintiff companies, the Court cannot possibly determine whether complete diversity exists in this case. There is a strong presumption against removal jurisdiction, which means defendant always has the burden of establishing that removal is proper. *Nishimoto v. Federman-Bachrach & Assocs.,* 903 F.2d 709, 712 n.3 (9th Cir. 1990). Defendant's bare assertions as to the citizenship of the parties fall short of meeting Defendant's burden to establish the propriety of removal.

IV.    CONCLUSION

The instant action is hereby REMANDED to the Superior Court of California for the County of Riverside.

IT IS SO ORDERED.